MICROSOFT CORPORATION, a Washington corporation, Plaintiff–Counterdefendant—Appellant,

v.

AMERICAN NATIONAL FIRE IN-SURANCE COMPANY; Federal Insurance Company; Fidelity and Guaranty Insurance Company; Na-tional Union Fire Insurance Company of Pittsburgh, PA; the Home Insurance Company; Tig Insurance Company; Twin City Fire Insurance Company;, Defendants—Appellees,

Zurich American Insurance Company, a New York corporation, Defendant–Counterclaimant—Appellee,

and

National Surety Corp, National Surety Corporation, Defendant.

No. 01–35721.
D.C. No. CV–00–00521–MJP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Decided March 21, 2003.

Before BRUNETTI, T.G. NELSON, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Microsoft appeals the district court's grant of summary judgment in favor of defendant insurance companies. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts, and we will not reiterate them here.

The district court correctly determined that, despite plaintiff's prodigious efforts to find ambiguity, the insurance policy was not ambiguous; that is, it is not "fairly susceptible to two different reasonable interpretations."[1] The context of the term "offenses" in the insurance policies in question makes it clear that the term denotes legally cognizable wrongs.[2] The insurance policy lists a number of offenses for which coverage applies. In addition to the listed offense in question in this case, the policy includes actions that are—or are descriptions of—torts. Thus, the context of the term "offenses" reveals that it refers to legally cognizable wrongs, not merely bad deeds that may be part of a legally cognizable wrong, as Microsoft argues. Accordingly, the policy is not ambiguous.[3]

The district court, properly interpreting Washington precedent,[4] correctly concluded that the claims in the tendered lawsuits were not analogous or equivalent to the offenses set forth in the policy. Thus, the district court properly granted summary judgment to defendants.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Kitsap Cty. v. Allstate Ins. Co.*, 136 Wash.2d 567, 964 P.2d 1173, 1178 (Wash.1998).

2. Under Washington law, we must examine terms in their context, as well as through consultation of dictionaries, to determine their definition. *See Am. Star Ins. Co. v. Grice*, 121 Wash.2d 869, 854 P.2d 622, 625–26 (Wash.1993); *N. Pac. Ins. Co. v. Christensen*, 143 Wash.2d 43, 17 P.3d 596, 598 (Wash. 2001). We note that, although all the dictionary definitions cited by the parties, and found by this court, include lawbreaking within the definition of "offenses," they place varying emphasis on that term. Accordingly, dictionary definitions alone do not resolve the dispute between the parties regarding the proper definition of the word. However, the context of the term in the insurance policy does resolve the dispute.

3. Because the policy is not ambiguous, resorting to extrinsic evidence was unnecessary in this case. *See Am. Star Ins. Co.*, 854 P.2d at 625.

4. *See Kitsap Cty.*, 964 P.2d at 1180 (Wash. 1998).